<u>NOT FOR PUBLICATION</u>                                  [Dkt. Ents. 16, 20]

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

CAMDEN VICINAGE

| | |
|---|---|
| DELORES BROWN on behalf of ALVIN PAYTON, JR., <br><br>                Plaintiff, <br><br>        v. <br><br> ANCORA PSYCHIATRIC HOSPITAL, ALLAN BOYER, NEW JERSEY DEPARTMENT OF HUMAN SERVICES, and JENNIFER VELEZ, <br><br>                Defendants. | Civil No. 11-7159 (RMB/KMW) <br><br> **MEMORANDUM OPINION & ORDER** |

**BUMB**, United States District Judge:

   Plaintiff Delores Brown (the "Plaintiff") brought this lawsuit on behalf of her son, Alvin Payton, Jr., an involuntarily committed patient at Ancora Psychiatric Hospital ("Ancora"), alleging medical malpractice and cruel and unusual treatment in violation of the Eighth Amendment.  Currently before the Court are two motions:  (1) a motion to dismiss by all of the defendants, Jennifer Velez, Esq., Allan Boyer, the New Jersey Department of Human Services ("DHS"), and Ancora (collectively, the "Defendants") [Dkt. Ent. 16]; and (2) a motion for summary judgment by the Plaintiff, who is proceeding <u>pro se</u>.  For the

reasons set forth below, the Court grants Defendants' motion to dismiss in part and denies it in part. Plaintiff's motion for summary judgment is premature and denied without prejudice.

## I. ANALYSIS

Because the particular allegations detailed in the Complaint do not bear upon these motions, the Court need not recite them here except to note that Plaintiff seeks both damages ("one million dollars") and prospective injunctive relief (the establishment of a unit at Ancora dedicated to the treatment of pica disorders).

### A.   Defendants' Motion to Dismiss

#### 1. Federal Claims

Defendants have asserted two grounds for dismissal of Plaintiff's federal claims: that Defendants are immune from suit under the Eleventh Amendment; and that Defendants are not "persons" subject to suit under 42 U.S.C. § 1983.[1]  Since the

---

[1] The Complaint only cites the Eighth Amendment as a source of Plaintiff's federal claims. Defendants correctly argue that this Amendment has no application here, since Plaintiff's son is not a convicted criminal but an involuntarily committed patient. Youngberg v. Romeo, 457 U.S. 307 (1983) (Fourteenth Amendment, as opposed to Eighth Amendment, was appropriate source for determining rights of involuntarily committed individual). It is well settled that pro se complaints must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Here, Plaintiff's allegations concern her son's treatment at Ancora. The Court therefore construes her to be invoking 42 U.S.C. § 1983 to vindicate her son's substantive due process rights under the Fourteenth Amendment. Youngberg, 457 U.S. at 315.

jurisprudence in this area treats state departments and agencies differently than state officials, the Court bifurcates its analysis accordingly.

### i. State Departments and Agencies (DHS and Ancora)

As to the first asserted basis for dismissal: absent a waiver of sovereign immunity, the Eleventh Amendment[2] protects states, their agencies and departments, from suit in federal court regardless of the type of relief sought. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100-01 (1984); Shahin v. Delaware, 345 F. App'x 815, 817 (3d Cir. 2009); C.H. v. Oliva, 226 F.3d 198, 201 (3d Cir. 2000), cert. den'd, 533 U.S. 915 (2001) (en banc). Nothing in § 1983 abrogates this immunity. Quern v. Jordan, 440 U.S. 332, 341-43 (1979). Since DHS is a principal department in the executive branch of the New Jersey state government, N.J. Stat. Ann. 30:1-2, it is therefore immune from suit. Weisman v. N.J. Dep't of Human Servs., 817 F. Supp. 2d 456, 464 n.10 (D.N.J. 2011) (Eleventh Amendment barred suit against DHS in federal court); cf. C.H., 226 F.3d at 201 (Eleventh Amendment barred suit against New Jersey Department of

---

[2] The Eleventh Amendment provides:
> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amd. XI.

Education in federal court).

As for Ancora, courts in this district have routinely accorded it Eleventh Amendment immunity, since (1) it is a state hospital, created by statute, N.J. Stat. Ann. 30:1-7[3]; (2) it is operated by DHS and under the control of the Commissioner of Human Services, N.J. Stat. Ann. 30:1-12; (3) it receives nearly all of its funding from the state treasury; (4) any judgment against Ancora would be paid from the state treasury; and (5) it lacks authorization to sue or be sued in its own right. Dep't of Envtl. Protection v. Gloucester Envtl. Mgmt. Servs., 923 F. Supp. 651, 660 (D.N.J. 1995) (considering factors set forth in Fitchik v. N.J. Transit Rail Ops., Inc., 873 F.2d 655 (3d Cir. 1989), and concluding that Ancora is alter ego of New Jersey for Eleventh Amendment purposes); Marcucci v. Ancora Psych. Hosp., Civ. No. 09-1449, 2012 WL 2374653, *3 (D.N.J. June 22, 2012); Weisman, 817 F. Supp. 2d at 464 n.10; Brown v. Ancora Psych. Hosp., Civ. No. 06-3458, 2006 WL 3827328 *2-3 (D.N.J. Dec. 22, 2006). The Court agrees with this analysis and recognizes Ancora as an "arm of the state" and therefore immune from suit under the Eleventh Amendment. Cf. Betts v. New Castle Youth Dev. Cntr., 621 F.3d 249, 254 (3d Cir. 2010), cert. den'd, 131 S.Ct. 1614 (2011) (summary disposition of Eleventh Amendment immunity issue was

---

[3] N.J. Stat. Ann. 30:1-7 lists Ancora as one of the "long-term care facilities, institutions, and psychiatric facilities of this State."

proper where Youth Development Center, a Pennsylvania state agency that was regulated, monitored, and maintained by the Pennsylvania Department of Public Welfare, was clearly an "arm" of the state). Accordingly, the Court dismisses the claims against DHS and Ancora for lack of jurisdiction. C.H., 226 F.3d at 201 (given Eleventh Amendment immunity, trial court should have dismissed claim for want of jurisdiction rather than entering judgment in state's favor).

In any event, these claims would also fail under the second asserted basis for dismissal: as a state department and agency, DHS and Ancora are not "persons" and therefore not amenable to suit under 42 U.S.C. § 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58, 64, 70 (1989); Weisman, 817 F. Supp. 2d at 464.

### ii. State Officials (Velez and Boyer)

Plaintiff clarified in her opposition papers that she intends to sue Defendants Velez, the Commissioner of DHS, and Boyer, the CEO of Ancora, in their official capacities, as representatives of their respective state entities.[4] Hafer v. Melo, 502 U.S. 21, 25 (1991) (official-capacity suit exists where

---

[4] Plaintiff stated in relevant part:
> [I]t is not Allen Boyer or Jennifer Velez individually responsible for the complaint. It is Ancora the agency state created and largely state funded, but 'independent' and directs its own actions that holds the key to responsibility.

(Pl.'s Opp. 5 (errors in original).)

real party in interest is the state and not the named official).

Where the plaintiff sues a state official in her official capacity, the Eleventh Amendment bars the plaintiff from recovering damages. Edelman v. Jordan, 415 U.S. 651, 663 (1974). The plaintiff may, however, sue for prospective equitable relief. Edelman, 415 U.S. at 666-67; C.H., 226 F.3d at 202. When sued for such prospective relief, the state official is a "person" for § 1983 purposes, despite the fact that she has been sued in her official capacity. Will, 491 U.S. at 71, n.10 ("Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'"). Accordingly, the Court dismisses Plaintiff's 1983 claims against Velez and Boyer for damages but permits those claims for prospective injunctive relief to proceed.[5]

2. **State Law Claims**

The Eleventh Amendment also bars federal courts from exercising jurisdiction over state law claims, unless the state has waived its sovereign immunity. Raygor v. Regents of Univ. of

---

[5] The fact that the injunctive relief requested here - the establishment of a pica center at Ancora - may very well require substantial state expenditures does not preclude its recovery under the Eleventh Amendment. Milliken v. Bradley, 433 U.S. 267, 289-90 (1977) (upholding injunction requiring substantial state expenditures for educational aspects of a desegregation plan, where relief requested was prospective).

6

Minn., 534 U.S. 533, 541-42 (2002) (supplemental jurisdiction under 28 U.S.C. § 1367(a) does not extend to claims against non-consenting state defendants); Pennhurst, 465 U.S. at 121 (Eleventh Amendment bars state law claims brought in federal court under supplemental jurisdiction).  Although the New Jersey Tort Claims Act permits suit against public entities and their employees in state court, it does not expressly permit suit in federal court and therefore does not constitute an Eleventh Amendment waiver.  Hyatt v. Cnty. of Passaic, 340 F. App'x 833, 837 (3d Cir. 2009) (citing N.J. Stat. Ann. § 59:2-2(a)); Maynard v. New Jersey, 719 F. Supp. 292, 296-97 (D.N.J. 1989) ("Federal district courts in New Jersey have historically rejected attempts to have the [New Jersey] Tort Claims Act doctrine of respondeat superior supersede New Jersey's state sovereign immunity under the Eleventh Amendment.") (citing Ritchie v. Cahall, 386 F. Supp. 1207, 1209 (D.N.J. 1974) and Thomas v. Dietz, 518 F. Supp. 794, 800 n.6 (D.N.J. 1981)).  The Court therefore dismisses the Complaint for lack of jurisdiction to the extent that it asserts state law claims against the Defendants.

    **B.**    **Plaintiff's Motion for Summary Judgment**

After Defendants' motion to dismiss became ripe for adjudication, Plaintiff moved for summary judgment.  [Dkt. Ent. 20.]  She cites press coverage of a multi-state settlement in which New Jersey and several other states resolved claims against

Janssen Pharmaceuticals for promoting "off-label" uses of the drug Risperdal in violation of federal regulations. While not a model of clarity, Plaintiff's brief appears to claim entitlement to some of the proceeds of this settlement on the grounds that her son was given Risperdal for nineteen years at Ancora and suffered adverse effects from it. Since the Complaint is devoid of any such allegations, to the extent Plaintiff seeks to amend the Complaint, she shall comply with Federal Rule of Civil Procedure 15(a).

Defendants oppose Plaintiff's motion on the grounds that it is premature. They note that they have not yet filed an answer in this case, nor have they had the benefit of discovery, and therefore the record is insufficiently developed to allow them to properly respond. The Court agrees and finds Plaintiff's summary judgment motion again premature.[6] It is denied without prejudice.

## II. ORDER

FOR THESE REASONS, it is on this **11th** day of **October 2012**, hereby:

**ORDERED** that Defendants' motion to dismiss is DENIED with respect to Plaintiff's Fourteenth Amendment claims against Velez

---

[6] This is Plaintiff's second motion for summary judgment. She filed her first such motion while a motion by the Defendants to vacate a default that had been entered against them was still pending. [Dkt. Ent. 13.] The Court therefore dismissed that motion without prejudice as premature. [Dkt. Ent. 14.]

and Boyer for prospective injunctive relief and GRANTED with respect to Plaintiff's remaining claims, which are hereby DISMISSED for lack of jurisdiction; and it is further

**ORDERED** that Plaintiff's motion for summary judgment is DENIED WITHOUT PREJUDICE; and it is finally

**ORDERED** that DHS and Ancora are accordingly DISMISSED from this action, and the Clerk of Court shall therefore remove them from the docket caption.

<pre>
                              s/Renée Marie Bumb
                              RENÉE MARIE BUMB
                              United States District Judge
</pre>